**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CORRINE MACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-708 NCC |
| | ) |
| MENASHA PACKAGING, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon review of the employment discrimination complaint

filed by plaintiff Corrine Mack and plaintiff's motion to proceed in forma pauperis.    The motion

to proceed in forma pauperis will be provisionally granted.    Additionally, the Court will transfer

this case to the United States District Court for the Southern District of Illinois.

Plaintiff brings this case against her former employer Menasha Packaging, located in

Edwardsville, Illinois.    Although plaintiff checked that this employment discrimination lawsuit

is based on the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*,

plaintiff has alleged no disability.    Rather, she alleges she was sexually harassed by a fellow

employee, and then fired.    Plaintiff's case is properly characterized an employment

discrimination lawsuit based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§§ 2000e, *et seq.*, for employment discrimination on the basis of gender.[1]

Claims arising under Title VII are strictly governed by the specific venue provision in 42

U.S.C. § 2000e-5(f)(3).    Section 2000e-5(f)(3) provides that Title VII claims may properly be

---

[1] "If the essence of an allegation is discernible . . . then the district court should construe the
complaint in a way that permits the layperson's claim to be considered within the proper legal
framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation
omitted).

brought in any judicial district in which: (1) "the unlawful employment practice is alleged to have been committed," (2) "the employment records relevant to such practice are maintained and administered," or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-(f)(3). Under these requirements, venue is proper in the judicial district where defendant Menasha Packaging is located, which is in the Southern District of Illinois.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Southern District of Illinois. In addition, in light of all of the circumstances, the Court believes it best if the transferee district address plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is provisionally granted, subject to modification by the United States District Court for the Southern District of Illinois. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 1406(a).

Dated this 7th day of May, 2018.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

-2-